## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARYANN COTTRELL and RICHARD       Civ. A. No. 12-2128 (NLH/KMW)
G. HOLLAND,

          Plaintiffs,          **OPINION**

    v.

NICHOLSON PROPERTIES, LLC, et
al.,

          Defendants.


**APPEARANCES:**

Maryann Cottrell
Richard G. Holland
31 S. Academy Street
Glassboro, New Jersey 08028

    *Pro Se Plaintiffs*

Robert S. LaRosa, Esquire
Seth Clement Hasbrouck, Esquire
Costa Vetra LaRosa & Costa
P.O. Box 1615
2039 Briggs Road
Mount Laurel, New Jersey 08054

    *Attorneys for Defendants Nicholson Properties, LLC,*
    *George Nicholson, Sr., and George Nicholson, Jr.*


**HILLMAN, District Judge:**

    This matter comes before the Court by way of motion [Doc.

No. 34] of Plaintiffs, Maryann Cottrell and Richard G. Holland,

seeking leave to file a Second Amended Complaint pursuant to this Court's Order and Opinion of December 23, 2013.  Defendants, Nicholson Properties, LLC, George Nicholson, Sr., and George Nicholson, Jr., have not filed opposition to the motion.  The Court has considered Plaintiffs' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiffs' motion will be granted.

I.    **JURISDICTION**

The Court exercises original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' federal claims for retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq..  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:6-1 et seq..

II.   **BACKGROUND**

The facts underlying Plaintiffs' claims were set forth previously in detail in the December 23, 2013 Opinion, and the Court shall therefore recount only briefly the background of this case.  Plaintiffs allege that they are long-time "'advocates for the disabled.'"  (Op. 3, Dec. 23, 2013 [Doc. No. 29].)  Although

Plaintiffs are not disabled, they are purportedly lawfully permitted to park their vehicles in handicap accessible parking spaces reserved for disabled individuals when transporting Plaintiff Cottrell's daughter. (Id.) Plaintiffs aver that "part of their advocacy efforts" includes assessing and documenting "parking access at public accommodations that they come in contact [with] during their daily services." (Id.)

Plaintiffs assert in their First Amended Complaint that from 2009 to 2012, they monitored access to the "one and only" handicap-accessible parking spot at a retail strip mall owned by Defendants. (Id. at 4.) The strip mall, located at 135 East High Street, Glassboro, New Jersey, consists of the Hollybush Car Wash, which is a self-service car wash, the Hollybush Laundromat, which is a self-service laundromat, and a retail space that is purportedly rented to a Mexican grocery store called Casa Rocie's. (Id. at 2-3.) Plaintiffs contend that they documented instances of the unauthorized use of the handicap-accessible parking space, and Defendants then allegedly retaliated against them for activity protected by the ADA. (Id. at 5-6.) Specifically, Plaintiffs submit that they received a "ban letter" from George Nicholson[1] on April 9, 2010, a copy of which is

---

[1] The letter is signed by "George Nicholson (owner)," but it is unclear whether George Nicholson, Jr. or George Nicholson, Sr. issued the letter.

attached to their proposed Second Amended Complaint, which states
that Plaintiffs are not permitted "to come on our property."
(Proposed Second Am. Compl. (hereafter, "Proposed SAC"), Ex. A
[Doc. No. 31-1].)

Based on the "ban letter," on April 9, 2012 Plaintiffs filed
a Complaint against Defendants alleging one count of retaliation
in violation of the ADA and one count of retaliation in violation
of the NJLAD.  On November 20, 2012, Plaintiffs filed a First
Amended Complaint.  Defendants moved to dismiss both counts of
the First Amended Complaint pursuant to Rules 12(b)(1) and
12(b)(6) of the Federal Rules of Civil Procedure.  In their
moving papers, Defendants argued, <u>inter alia</u>, that Plaintiffs
lacked standing to bring retaliation claims under the ADA and the
NJLAD.

The Court granted Defendants' motion to dismiss on standing
grounds.  With respect to Plaintiff Cottrell, the Court concluded
that she "fail[ed] to allege facts sufficient to demonstrate that
there is a real and immediate threat of future injury to her as a
result of the revocation of her business invitee status."  (Op.
22, Dec. 23, 2013 [Doc. No. 29].)  The Court specifically noted
that Plaintiff Cottrell made "no allegation that she has ever
patronized any of the three businesses at the 135 East High
Street location for the purposes of shopping, browsing inventory,
making a purchase, utilizing the laundry or car wash facilities,

or assisting a friend in doing any of the above." (Id. at 21.)
Moreover, the Court found that the First Amended Complaint did
not allege facts sufficient to demonstrate that Plaintiff
Cottrell had any plans to patronize the businesses in the future.
(Id.) The Court similarly concluded that Plaintiff Holland
failed to set forth sufficient facts demonstrating prior
patronage of the three businesses, or a concrete desire to
patronize these businesses in the future. (Id. at 23-24.) The
Court granted Plaintiffs leave to file a motion to amend the
complaint to "assert sufficient facts to meet the requirements of
standing for their claims." (Id. at 27.)

Plaintiffs then filed a Second Amended Complaint without an
accompanying motion and without the Court's permission.
(Proposed SAC [Doc. No. 31].) On April 2, 2014, the Court
entered an Order requiring Plaintiffs to file a motion to amend
the complaint. (Order 2, Apr. 2, 2014 [Doc. No. 33].)
Plaintiffs filed their motion on April 20, 2014, but they did not
attach a copy of their proposed pleading to the motion as
required by Local Civil Rule 7.1(f).[2]  The Court assumes that the
proposed pleading to be filed is the Second Amended Complaint

---

[2] "Upon filing of a motion for leave to file an amended complaint
or answer, . . . the moving party shall attach to the motion a
copy of the proposed pleading or amendments and retain the
original until the Court has ruled.  If leave to file is
granted, the moving party shall file the original forthwith."
L. Civ. R. 7.1(f).

that was already filed, albeit without leave of court, and the Court shall therefore address the allegations in that pleading in deciding the present motion to amend.

III. __DISCUSSION__

    A. **Motion to Amend Standard**

Federal Rule of Civil Procedure 15(a)(1) provides that a party "may amend its pleading once as a matter of course" within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party must seek leave of court, or obtain the opposing party's written consent, before filing an amended pleading.  Fed. R. Civ. P. 15(a)(2).  Although leave to amend should be freely given, an amendment may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Defendants do not oppose the motion to amend, and accordingly there is no assertion of undue delay, bad faith, dilatory motive or prejudice.  In deciding this motion to amend, therefore, the Court focuses its inquiry solely on whether the

proposed amendments would be futile.  Specifically, the Court considers whether Plaintiffs have added factual allegations sufficient to cure the deficiencies identified in the December 23, 2013 Opinion.[3]

An amendment would be futile if the complaint, as amended, "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).  In evaluating futility, courts employ the "'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'"  Id.; see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). The Court must generally accept as true the factual allegations in the complaint, and construe all "reasonable inferences" in the light most favorable to the plaintiff.  Phillips v. Cnty. of

_____

[3] Defendants sought dismissal of Plaintiffs' First Amended Complaint on standing grounds, and alternatively on the basis of Plaintiffs' purported failure to state a claim as a matter of law.  The Court did not address Plaintiffs' claims on the merits due to Plaintiffs' failure to establish standing.  Defendants have not at this time renewed their arguments concerning the merits of Plaintiffs' claims.  Accordingly, the Court herein considers only whether the proposed pleading addresses the deficiencies previously articulated by the Court and does not consider whether the allegations in the proposed Second Amended Complaint fail to state a claim as a matter of law.

_Allegheny_, 515 F.3d 224, 231 (3d Cir. 2008).  A complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" _Ashcroft v. Iqbal_, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### B. Analysis

To meet the minimal constitutional mandate for Article III standing, Plaintiffs must show (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) that the injury will "likely" be "'redressed by a favorable decision.'"  _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

### 1. Injury in Fact

As the Court noted in the December 23, 2013 Opinion, the sole relief available to Plaintiffs in this case is prospective injunctive relief, and Plaintiffs must therefore demonstrate a "'real and immediate threat' of injury in order to satisfy the 'injury in fact' requirement."  _Cottrell v. Zagami_, No. Civ. A. 08-3340, 2009 WL 1416044, at *3 (D.N.J. May 20, 2009).  The Third Circuit has instructed that "'[p]ast exposure to illegal conduct does not show a present claim for injunctive relief . . . [.]" _Brown v. Fauver_, 819 F.2d 395, 400 (3d Cir. 1987) (quoting _O'Shea v. Littleton_, 414 U.S. 488, 495, 94 S. Ct. 669, 38 L. Ed. 2d 674

(1974)).  "In order to obtain standing for prospective relief, the plaintiff must 'establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice.]'"  Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)).  In other words, injunctive relief is only appropriate when the plaintiff establishes a sufficient likelihood that he will be wronged again in a similar fashion.  D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1036 (9th Cir. 2008), cert. denied, 557 U.S. 929, 129 S. Ct. 2824, 174 L. Ed. 2d 569 (2009).  An intention to return to the source of the illegal conduct "some day," without any description of concrete plans or any indication beyond mere speculation as to when some day will occur, does not support a finding of "actual or imminent" injury.  Lujan, 504 U.S. at 564, 112 S. Ct. 2130.

In assessing standing in ADA cases, several New Jersey District Courts have applied a four-factor test to determine the likelihood that a plaintiff will return to the defendant's place of public accommodation.  Brown v. Showboat Atl. City Propco, LLC, No. Civ. A. 08-5145, 2010 WL 5237855, at *8 (D.N.J. Dec. 16, 2010).  The four factors include: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of

nearby travel.  Id.

The first factor focuses on the proximity between the plaintiff and the defendant.  Generally, when a plaintiff resides more than 100 miles from the defendant, courts conclude the likelihood of a plaintiff's return diminishes.  Disabled Patriots of Am., Inc. v. City of Trenton, No. Civ. A. 07-3165, 2008 WL 4416459, at * 4 (D.N.J. Sept. 24, 2008).  "'[A]s the distance between a plaintiff's residence and a public accommodation increases, the potential for the occurrence of future harms decreases.'"  Id. (quoting Molski v. Kahn Winery, 405 F. Supp. 2d 1160, 1163-64 (C.D. Cal. 2005)).  In this case, Plaintiffs allege that they live approximately one block from 135 East High Street, and the property is within walking distance of their home. (Proposed SAC ¶ 116.)  Thus, in regard to proximity, it is plausible that Plaintiff may utilize Defendants' premises in the future.

With respect to the second factor concerning past patronage, the Court notes that the lack of a history of past patronage may "negate the possibility of future injury" at Defendants' property.  See Disabled Patriots of Am., 2008 WL 4416459, at *5 (citation omitted).  Here, Plaintiff Cottrell sets forth no allegations concerning her past patronage of the businesses at 135 East High Street, and Plaintiff Holland adds details concerning his prior patronage of the Hollybush Car Wash on one

10

occasion.  Plaintiff Holland specifically avers that he has been a customer of the Hollybush Car Wash and visited the car wash on March 31, 2009 with his brother to wash his car.  (Proposed SAC ¶¶ 26, 110.)  Given Plaintiff Cottrell's lack of past patronage and Defendant Holland's limited patronage of the businesses at 135 East High Street, this factor weighs against a finding of future injury.

Notwithstanding the foregoing, Plaintiffs have averred their intent to return to Defendants' premises.  A plaintiff's "'mere expressed desire does not by itself imply an intent to return.'" Disabled Patriots of Am., 2008 WL 4416459, at *6 (citation omitted).  Rather, a plaintiff must demonstrate a "definitive, uncontested intent to return." Id.  Here, Plaintiffs allege in the proposed Second Amended Complaint that Plaintiff Holland would like to use the car wash "right now," during the winter months,[4] and that Plaintiffs would use the laundry facilities at Hollybush Laundromat "today," but they cannot because they are currently banned from the premises.  (Proposed SAC ¶ 112.) Plaintiffs similarly aver that they will patronize the Mexican grocery store "immediately after" the ban is lifted.  (Id. at ¶

---

[4] The proposed Second Amended Complaint was filed on January 14, 2014, although it was not at that time considered because Plaintiffs failed to obtain leave of court before filing their amended pleading.

114.) Plaintiffs have therefore averred a concrete desire to patronize the businesses located at 135 East High Street.

Finally, Plaintiffs plead that the businesses are within walking distance of their home. "Establishment of a frequency of nearby travel is indicative of the likelihood that a plaintiff would return to the defendant's place of accommodation." <u>Brown</u>, 2010 WL 5237855, at *11. Therefore, Plaintiffs' averments demonstrate they are likely to travel frequently in the area of Defendants' businesses.

Although all four factors do not favor a finding of standing in this case, "New Jersey District Courts only intend the factor test to serve as a guide for whether a plaintiff established an intent to return to the defendant's place of business." <u>Id.</u> at *12. Considering all of the factors, the Court finds that Plaintiffs' proposed Second Amended Complaint sufficiently establishes standing as Plaintiffs allege a real and immediate threat of future injury as a result of the revocation of their business invitee status.[5]

_____

[5] In deciding this motion, the Court accepts as true the allegations in the proposed Second Amended Complaint and does not determine the credibility and veracity of such allegations. The Court's finding as to standing at this stage is without prejudice to Defendants' right to challenge Plaintiffs' standing at a later stage of the case. <u>See Brown v. Showboat Atl. City Propco, LLC</u>, No. Civ. A. 08-5145, 2009 WL 690625, at *3 n.2 (D.N.J. Mar. 11, 2009).

## 2. Causal Connection and Redressability

In seeking dismissal of the First Amended Complaint, Defendants only argued that Plaintiffs failed to establish an injury in fact, the first of the three elements to establish standing, and did not challenge the two remaining elements of standing.  As such, the Court addressed only the first element in its December 23, 2013 Opinion.  The Court finds at this time that the allegations in the proposed Second Amended Complaint also satisfy the two other standing requirements.

As to the prong concerning the existence of a connection between a plaintiff's injury and a defendant's actions, the Court finds that Plaintiffs have established this element.  Plaintiffs allege that they were retaliated against because of their advocacy efforts on behalf of handicapped persons.  The claimed retaliation came in the form of being banned from Defendants' premises on April 9, 2010, after Plaintiffs were allegedly observed documenting purported ADA violations at the premises on March 31, 2010.  (Proposed SAC ¶¶ 43-50.)  Taking these allegations as true, as the Court must do in deciding a motion to amend, Plaintiffs have asserted facts sufficient to meet the causation prong of the standing analysis.

The final element in the standing inquiry is whether the injury complained of -- being banned from Defendants' premises at 135 East High Street -- would be addressed by a favorable

13

decision.  Through this action, Plaintiffs seek to have the ban lifted so that they may utilize the facilities at 135 East High Street.  (Id. at ¶¶ 17-18.)  Thus, the injury complained of would be addressed by a favorable decision in this matter.  See Cottrell v. Matt Blatt, Inc., No. Civ. A. 11-610, 2011 WL 2975482, at *5 (D.N.J. July 21, 2011) ("As the injury complained of, being banned from Matt Blatt's premises, would be addressed by a favorable decision, Plaintiffs have satisfied their burden at this stage of the pleadings.").

## IV.   CONCLUSION

In sum, Plaintiffs have satisfied their burden to establish standing at this time.  Therefore, the Court shall grant Plaintiffs' motion for leave to file an amended complaint, and the Second Amended Complaint filed on January 14, 2014 shall be deemed filed as of the date of the Order accompanying this

decision.[6]


Date: October 22, 2014               s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

_____

[6] An outstanding issue is Plaintiff Holland's ability to proceed in forma pauperis in this action.  Mr. Holland filed a renewed application to proceed in forma pauperis in this matter on April 22, 2014, following the Court's revocation of Plaintiff Holland's ability to proceed in forma pauperis in August 2013. Mr. Holland was also required to file an updated in forma pauperis application in two separate matters pending before the undersigned.  See Cottrell v. Recreation Center LLC, Civ. A. No. 1:13-02847-NLH-KMW, Doc. No. 15; Cottrell v. Fosters, Civ. A. No. 1:11-6662-NLH-AMD, Doc. No. 54.  Upon review of the applications recently filed by Plaintiff Holland in the Recreation Center and Fosters matters, it appears that Plaintiff Holland's financial situation has changed since he filed the in forma pauperis application in this case.  The Court will therefore require Mr. Holland to file in this action an updated application within thirty (30) days of entry of the Order that accompanies this Opinion.  The Court reminds Mr. Holland that his submission must be signed under penalty of perjury and must be consistent with any other IFP applications he files on or around the same date lest the reasonable inference arise that his submission is at least incomplete or perhaps intentionally false.