```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

MARYANN COTTRELL and
RICHARD HOLLAND,

                 Plaintiffs,        Civil No. 12-2128 (NLH/KMW)
v.
                                               OPINION
NICHOLSON PROPERTIES, LLC, et al.,

                 Defendants.
_____
```

**APPEARANCES:**

Maryann Cottrell
Richard Holland
31 S. Academy Street
Glassboro, New Jersey 08208
    *Pro Se Plaintiffs*

LAW OFFICE OF LEWIS ADLER
By:  Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, New Jersey 08096
    *Counsel for Defendants*

**HILLMAN, District Judge**

*Pro se* Plaintiffs are self-proclaimed advocates for the disabled.  Plaintiffs allege that Defendants retaliated against them for their disability advocacy activities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10:6-1 et seq.

Presently before the Court is Defendants' "Motion to Dismiss," which, as discussed below, is functionally half Motion to Dismiss

1

and half Motion for Reconsideration.  For the reasons set forth below, the Motion will be denied.[1]

### I.

The factual allegations of this suit are set forth in two previous opinions, see *Cottrell v. Nicholson Props., LLC*, 2014 U.S. Dist. LEXIS 151050 (D.N.J. Oct. 22, 2014); *Cottrell v. Nicholson Props., LLC*, 2013 U.S. Dist. LEXIS 179750 (D.N.J. Dec. 23, 2013), and are not directly relevant to the issues presented by the instant motion.

Plaintiffs filed this suit in April, 2012.  In September, 2012, Defendants moved to dismiss the Complaint.  Plaintiffs responded by moving to amend their complaint.  Magistrate Judge Williams granted the Motion to Amend, and the Motion to Dismiss was denied as moot.

Plaintiffs filed their First Amended Complaint on November 20, 2012.  Defendants again moved to dismiss, arguing that the First Amended Complaint failed to allege facts plausibly supporting a finding that Plaintiffs had standing to pursue their claims.  The Court agreed and dismissed the First Amended Complaint, but allowed Plaintiffs to file a Motion to Amend the First Amended Complaint in an attempt to cure the pleading deficiency as to standing.

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Plaintiffs filed their Motion to Amend on April 22, 2014. No opposition was filed, apparently because Defendants were unaware that the motion had been filed. The Court granted the Motion on October 22, 2014. In a 15-page opinion, the Court explained that amendment would not be futile because the Second Amended Complaint sufficiently alleges facts plausibly supporting Plaintiffs' Article III standing. *See Cottrell v. Nicholson Props., LLC*, 2014 U.S. Dist. LEXIS 151050 (D.N.J. Oct. 22, 2014).

Summonses for the Second Amended Complaint were returned executed on June 30, 2016. The instant Motion to Dismiss was timely filed by Defendants' new counsel on July 19, 2016.

## II.

### A.

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* (*citing N. River*

3

*Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

**B.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell*

4

*Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

### III.

Defendants assert two arguments in support of their instant motion to dismiss: (1) "Plaintiffs have failed to plead standing pursuant to the requirements of Article III of the U.S. Constitution"; and (2) "[e]ven if the Plaintiffs establish a prima facie case of retaliation, their claims cannot withstand the burden shifting framework or mixed motive framework that requires the Plaintiffs to prove that the Defendants' reason for banning the Plaintiffs [from the property at issue] was pretextual and/or the sole reason for the ban." (Moving Brief, p. i)

### A.

Defendants' current counsel is apparently unaware that the Court has already ruled, in the context of Plaintiffs' Motion to Amend, that Plaintiffs have sufficiently pled Article III standing. *Cottrell v. Nicholson Props., LLC*, 2014 U.S. Dist. LEXIS 151050 (D.N.J. Oct. 22, 2014).

Nothing in Defendants' instant motion suggests that the Court clearly erred in its previous ruling, nor do the authorities cited by Defendants demonstrate an intervening change in the law.

**B.**

Defendants assert that Plaintiffs cannot withstand a burden-shifting analysis because they were unable to do so in *Cottrell v. Good Wheels*, 458 Fed. Appx. 98 (3d Cir. 2012). *Good Wheels* was an appeal from an order granting summary judgment to the defendants.

The procedural posture of this case is different. The Court cannot address this issue on a motion to dismiss.

**IV.**

For the reasons stated above, Defendant's Motion to Dismiss will be denied. An appropriate order accompanies this opinion.

Dated: February 21, 2017              __s/ Noel L. Hillman____
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

6